■ LEON P. NAGIN et al., Appellants, v LONG ISLAND SAVINGS BANK, Respondent, and JEROME L. REINITZ et al., Additional Parties upon Counterclaim, Appellants. — Appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), dated June 8, 1982, which, *inter alia,* denied the respective motions of the plaintiffs and certain of the additional parties upon counterclaim for summary judgment, granted defendant's motion for summary judgment dismissing the complaint and cross claims against it, and

thereupon declared certain mortgage loan transactions to be valid and not usurious. Order and judgment affirmed, without costs or disbursements. Subdivision 10 of former section 14-a of the Banking Law (L 1979, ch 7, eff Dec. 8, 1978, repealed L 1980, ch 883, § 2, eff Dec. 1, 1980), provided for periodic rises in the permissible mortgage rate from the previous 8½% limit to maximum rates to be prescribed by the banking board. The statute included the following language: "[T]he rate of interest so charged, taken or received on any loan or forebearance secured primarily by an interest in real property improved by a one-to-six family residence which is to be occupied by the owner * * * with respect to which a written commitment shall have been issued and is executory prior to December eighth, nineteen hundred seventy-eight, shall be deemed to be the rate specified in the letter of commitment but in no event shall such rate exceed eight and one-half per centum per annum [and] * * * on any such loan or forebearance for which a completed application was submitted not more than one hundred twenty days prior to December eighth, nineteenth hundred seventy-eight shall be deemed to be the prevailing rate of interest fixed by law at the time the application was submitted regardless of whether a commitment at a higher rate of interest was issued, but in no event shall such rate exceed eight and one-half per centum per annum". Plaintiffs and the additional parties upon counterclaim are purchasers of condominium residences of a complex. They had either obtained commitment agreements for mortgage loans from the defendant bank prior to December 8, 1978, with termination dates of approximately a year (based on the expected date of closing of title) or had filed a complete application therefor within 120 days prior to that date. Due to construction delays and allied problems, and through no fault of defendant, the commitments expired by their terms. Eventually, pursuant to extension or new commitment agreements, mortgage loans were consummated at the maximum legal rate then prevailing of 10 to 11% per annum. The mortgagors argue that defendant was not permitted to exact such interest. They contend that since they obtained commitments prior to December 8, 1978 or filed completed applications for commitments within 120 days before that date, their right to pay no more than 8½% interest survived the expiration of their commitments. We disagree. From our examination of the statutory language and its legislative history we find it rather clear that the intent of subdivision 10 of former section 14-a of the Banking Law was to prevent purposeful acts by lending institutions to delay closing dates pending expected increases in the legally permitted mortgage rates and not to impair provisions of the commitment contracts relating to their termination dates. Therefore, the defendant was entitled to a declaration that the mortgage transactions in issue were not usurious as violative of subdivision 10 of former section 14-a of the Banking Law. Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur. [114 Misc 2d 61.]